Robert F. Love, Chairman Missouri State Tax Commission P.O. Box 146 Jefferson City, Missouri 65101
Dear Mr. Love:
This is in response to your request for an official opinion from this office answering the following question:
 "Does § 137.115 [RSMo Supp. 1975], requiring assessors to assess all property at 33 1/3% of true value, apply to Senate Bill No. 820 [now enacted as §§ 150.035
and 150.040, RSMo Supp. 1976], which provides that the inventory valuation for assessment of the ad valorem tax on new vehicles shall be 9.5% of the gross amount received from sales by merchants for new motor vehicles sold by them from January 1 through March 31, of each year?"
Although there appears to be some serious constitutional problems with the statutory classification of new motor vehicles which is set forth in Section 150.040(2), RSMo Supp. 1976, this opinion does not address itself to that issue. For purposes of answering your question, the constitutionality of the statute is presumed.
Section 137.115, RSMo Supp. 1975, provides the general rule regarding the assessment of real and tangible personal property in Missouri. This section requires the assessor or his deputies in all counties of this state including the City of St. Louis to assess real and tangible personal property at 33 1/3% of its true value in money. The applicable ad valorem tax rate is then levied upon this assessed valuation.
However, in enacting Section 150.040(2), RSMo Supp. 1976, the legislature has set forth a different method for assessing new motor vehicle inventories. The relevant provision of the act in question reads as follows:
 "Merchants shall pay an ad valorem tax equal to that which is levied upon real estate on new motor vehicles. The inventory valuation for assessment purposes for the ad valorem tax on new motor vehicles shall be nine and one-half percent of the gross amount received from sales by merchants for new motor vehicles sold by them from January first through March thirty-first of each year, and the assessor of each county and the city of St. Louis shall have the authority to inspect the books of each merchant for the purpose of determining said sales."
The legislature has placed new motor vehicles held for sale in the ordinary course of business in a separate class for purposes of tax assessment. The "assessed valuation" of other real and tangible personal property is arrived at by taking 33 1/3% of the property's true value in money, pursuant to Section137.115, RSMo Supp. 1975. However, the "assessed valuation" of an automobile dealer's inventory of new motor vehicles is now to be determined by taking 9 1/2% of the gross amount received from the sales of new motor vehicles between January 1 and March 31 of each year pursuant to Section 150.040(2). The first sentence of Section 150.040(2) merely provides that the rate of the ad valorem tax levied on new motor vehicle inventories shall be "equal to that which is levied upon real estate".
Had the legislature intended the valuation arrived at pursuant to Section 150.040, RSMo Supp. 1976, to be further reduced for assessment purposes to 33 1/3%, it would have so provided. On the contrary, the legislature clearly stated that 9 1/2% of the gross amount received from sales of new motor vehicles during the first three months of each year shall be
the inventory valuation of these vehicles for assessment purposes.
CONCLUSION
Therefore, it is the opinion of this office that the assessed valuation of new motor vehicles held for sale in the ordinary course of business is to be determined pursuant to Section 150.040(2), and that this amount is not to be further reduced by virtue of Section 137.115, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, S. Joel Wilson.
Very truly yours,
 JOHN ASHCROFT Attorney General